Good morning. Your Honors, may it please the Court, Jennifer Kuhn on behalf of Juan Ramirez, Jr. The issue here is whether a California wobbler offense is a felony or a misdemeanor for purposes of calculating the grade of supervised release violation when the offense resulted in a term of probation and custody in county jail rather than a term in state prison. The prior conviction... So if we agree with you, what's the remedy? It seems to me we probably have to vacate and send back for resentencing rather than a grant. Is that your understanding, if we were to agree with you? Yes, the Court would have to remand for resentencing, correct. Yeah. You know the government's filed a motion to supplement the record. Have you taken a position on that motion? I have no opposition to that motion. In the light of the supplemented record, is there any really real doubt as to what would happen if we remanded the case? I mean, doesn't that kind of clear up the question that's left open in the appeal? Well, the supplemental excerpts lay out they don't include a judgment, but there are the court minutes at page 19 indicating that imposition of sentence was suspended and that the court ordered three years of formal probation and one year of jail. So Your Honor's correct. There is a line of cases where this Court has held that Wabler remains a felony when the imposition of sentence is suspended. That's the Robinson, Qualls, Diaz, Argueta line of cases. And why doesn't that preclude you from relief? I think it doesn't entirely resolve the question because there is some contrary authority. But the contrary authority I think you cited is the California State Court of Appeal decision. Is that true? Correct. I was also going to refer to the Ferreira Ninth Circuit case, which ---- Well, Ferreira helped you quite a bit, but it didn't involve a suspension, right? It's unclear. The Court in that case, the State court had sentenced to four months in jail and a probationary term, and the record is unclear. The case is unclear whether sentence had been suspended, imposition of sentence had been suspended or not. And the Court underwent no analysis of that issue. So I think on its face, that case supports the idea that it could, in fact, be a misdemeanor even when sentence is suspended. But the more significant case, Your Honor's correct, is the Court of Appeal case Glee, which did involve suspension of proceedings. And the State court in that case also said that it was imposing felony probation. But on the other hand, it imposed summary probation, which was to terminate upon completion of the jail term. And the State court said that despite that ambiguity, there was no intent by the State court to impose a felony sentence, so it did automatically convert to a misdemeanor under 17b1. So I think what that case tells us is that suspension of proceedings is not dispositive that we need to look more closely at what the State court says when it pronounces or states its sentence. We need to see the transcript of the sentencing hearing and the judgment. And none of those were submitted either below or on appeal. Well, how do we get around cases that say, that seem to be described pretty closely to this factual situation and says it's still regarded as a felony? I mean, we have here a suspended sentence, three-year suspended sentence. Why doesn't that fit neatly with the authority that says we treat it as a felony? Well, it is similar to the cases, the Robinson plaintiff cases. But those cases are interpreting State law, and we do have to defer to the State court's treatment of whether a wobbler is a misdemeanor or a felony. And under the Glee case, I think it's clear that suspension of proceedings is not dispositive. When's the Glee case from? The year? I want to say 2002. I'd have to double-check. I thought it was around 2000, something like that. Don't we have precedent after that date that supports the government's position? So it's really not for this panel to say, you know, California law has changed in the meantime because it changed before other decisions of this Court. That's true. Those lines for cases are after 2000. But they don't address this issue that I'm raising. Right. It's tough for us, though, I think, to overrule. We can't overrule another panel decision unless absent intervening case law. And if the case law is not intervening, the only way I think that those cases would be overturned would be a nonpunct review. No, and I'm not asking the Court to overturn those cases. But I think that it's just that we need to look more closely at the record here and we just don't have sufficient information to make that decision. Well, if I'm the trial judge and I put someone on probation for three years and he violates probation, I'm talking about the state trial judge, I still have the authority and ability, don't I, to impose a felony-level sentence. So doesn't it make sense to treat what this judge did as a felony rather than a misdemeanor? Because the judge not precluded in the event that probation is violated from imposing the felony term. Well, I think that's what the Glee case addresses is what is the State court's intent in that instance. Does it want to retain jurisdiction and later impose a more serious sentence on violation of probation? Oh, we only know if the defendant violates probation and is hauled back in. It doesn't make sense to have a clear and forthright rule, because otherwise wouldn't we be limiting or a court be limiting, whether State or Federal, the sentencing judge's power and authority to impose the sentence that he thought was appropriate, namely a felony sentence? Well, the issue here is just whether to interpret this prior as a misdemeanor or a felony. We're not overseeing what the State court might do. We're just trying to understand what it did. And that's what Glee did, is it looked, even though the court in that case stated it was putting the defendant on felony probation, the State court said looking at all the other factors of what happened at sentencing, that wasn't its intent. So I just think we need to look more closely at the record, and I'd ask for a remand for that purpose. Now, on the constitutional issue, I assume that you did that to preserve your client's rights, and you don't have anything new to assert that would not have been considered in a prior case law, or am I wrong? That's correct, Your Honor. I'll submit on that issue. Thank you. May it please the Court. My name is Larry Spong. I represent the United States in this case. Just two points. One, under this Court's precedent, specifically United States v. Denton and other cases, all say there's a presumption that a Wobbler offense is a felony. So therefore, it's up to the appellant to present something to the district court to make sure that that presumption is overcome. The defendant in this case didn't do that. That should really be the end of the case. But even if we look into it, the only case really that might be controversial is the Glee case. But People v. Barkley later made clear that Glee was based because the sentencing court sentenced to summary probation. And under California law, summary probation is only available in a misdemeanor offense. Therefore, it must have been a misdemeanor. And that's People v. Barkley explaining how Glee got there. How do you respond to Ferreira? To me, that seems a very forceful case for the defendant. Well, I would say, first of all, Ferreira, the holding in Ferreira had nothing to do with the California law. It was looking – first, it was in the immigration context. It was not in the supervisory system. No, but we have commonly used immigration context and criminal context and vice versa when they match up. Except, interestingly, in that case, they said, we are concerned about uniformity in immigration. But be that as it may, the court said the holding was that we have to look at where there's a conflict. We have to look at the Federal case because of this uniformity. And then it went on to say, but even if, we say, even if we did it, we would hold under California law. Right. And – but there, there's no – we don't know what the – all they said was Oliveira was sentenced to county jail. Well, let me stop you there. I mean, in the sense that we have to take what our colleagues say seriously. Yes. And if we say, well, you didn't consider this, and we just think you slept it off, we're likely to get some rather stern emails back from you. So assuming that it's not dicta, how do you deal with it? Even assuming it's not, I would say that the court, when it dealt with that issue, simply said Oliveira was sentenced to county jail. Therefore, it's a misdemeanor under California Penal Code 17b. That's all it says. It doesn't do any analysis of what the actual sentence was. What we know in our case, what distinguishes our case is we know the judge suspended sentence. And that means there is no judgment under California law. And that means it's a felony. So in – in the – in the – Because, in part, it's a felony because, in part, the judge still has the power and the authority to give him a felony sentence. Absolutely. In case probation is violated. Absolutely. That's the whole purpose. That is the purpose. And people v. Fryer is a very good California case that describes what the purpose is and why they do this, why they suspend judgment. Part of the problem is I don't think we quite get there unless we consider your supplemental documents, right? Well, I would argue that, given the presumption and that the burden is on the defendant at the time, that you can get there. But even if you do, I don't think there's any objection that these are the documents. Let me take my concern with it. And that is, you know, we're not a sentencing court. And we've said that. I'm really reluctant to take in new documents on appeal and weigh them, even if there is no objection. I think our district courts don't particularly like it. They don't like us to take in new evidence. If the defendant were trying to introduce new evidence, my guess is that you'd object to it. So I'm reluctant to accept new evidence on appeal. Can you win without it? Or are you just left with a presumption? I think we can. Because Denton clearly says the presumption is it's a felony, that's what you get, and nothing has been presented to the district court or this court. Now, apparently something was given to the district court which has been lost. In my discussions with counsel, we both tried to get it. I don't know what that was. But even assuming it would just be an academic exercise, because we're all. Well, yeah. Unfortunately, we do actually engage in this from time to time. Let me ask you this. What's a real-world dispute in this case? I mean, how many months are we talking about? I believe it's about. I think 8 to 14. Yeah, it would be an 8 to 14 rather than a 21 to 27. So it would be about 10 months. All right. As soon as he gets out next month. Yes. He gets out in January. Right. And so I guess. We're talking about maybe nine months that we can't do anything about, and at most one month left we might be able to do something about it. Well, maybe you can settle it today. I mean, really, you're talking about two months. And that's. You may or may not like a lot of law we make over an issue that really doesn't matter to you in terms of incarceration. That's up to you. Okay. Thank you, Your Honor. Very good. Thank you. Rebuttal. Just briefly regarding the summary probation issue. In the Glee case, the Court distinguished an earlier case, Soto, where the Court did grant summary probation but nevertheless indicated its intent not to reduce it to a misdemeanor. And so that was a felony. So, again, it's just not a dispositive issue there. Regarding the presumption, there is statements both by the Supreme Court in Ewing and by this Court that there is a presumption that a wobbler is a felony until and unless the state court exercises its discretion to reduce it to a misdemeanor under 17B. But that's exactly the question here, whether the Court did that or not. And I'm not aware of any case where it's the presumption is framed in terms of a burden-shifting issue. But to the extent that it is, I think we've met the presumption by showing that he did receive probation in jail, which raises the question of whether or not proceedings were actually suspended or what the state court's intent was. I appreciate the argument. Again, let me ask you the practical question. Your client is going to get out in a month. Even if we remanded, it's hard to get a resentencing scheduled in that time. And it could, on an open resentencing, you don't know what's going to happen. True. He did receive close to the statutory maximum, which was 24 months. So it's true. There won't be a huge real-world effect for him. Okay. Thank you. All right. Thank you very much for your arguments. The cases here will be submitted for decision.
judges: Carr, Thomas, Clifton